## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## LUBBOCK DIVISION

| | | |
|---|---|---|
| FIRST BANK & TRUST, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:18-cv-00234-C |
| | § | |
| REAGOR AUTO MALL LTD. d/b/a | § | |
| REAGOR-DYKES OF LEVELLAND and | § | (Jury Trial Demanded) |
| d/b/a REAGOR-DYKES IMPORTS, | § | |
| FIRSTCAPITAL BANK OF TEXAS, N.A., | § | |
| BART REAGOR, RICK DYKES, SHANE | § | |
| SMITH, SHEILA MILLER, BRAD D. | § | |
| BURGESS and KENNETH BURGESS | § | |
| | § | |
| *Defendants.* | § | |

## ANSWER OF RICK DYKES

**TO THE HONORABLE SAM R. CUMMINGS,**
**UNITED STATES DISTRICT JUDGE:**

Rick Dykes, defendant in the above-captioned proceeding, files this Answer to the First

Amended Complaint of Plaintiff First Bank & Trust ("First Bank") in this civil action.

### BACKGROUND

1.      This civil action is related to another civil action pending in this Court (*Ford Motor

Credit Corp v. Reagor Auto Mall I, et al*, civil action no. 5:18-cv-00186) and a related chapter 11 case

pending in the United States Bankruptcy Court for this district (*In re: Reagor-Dykes Motors, LP,

et al Debtors*, jointly-administered chapter 11 case no. 18-50214-rlj11).

2.      On an emergency basis in late July, 2018, Ford Motor Credit Company ("Ford

Credit") suspended its financing of six West Texas auto dealerships in the Reagor-Dykes Auto

Group,  which prompted the filing of the above-described chapter 11 case.

3.      Plaintiff First Bank and Defendant FirstCapital Bank of Texas, N.A. ("FirstCapital") are two of several financial institutions that provide floor-plan financing to Defendant Reagor-Dykes Auto Mall, Ltd. d/b/a Reagor-Dykes of Levelland and d/b/a Reagor-Dykes ("RAM"), which owns and operates the used-car dealerships of Reagor-Dykes Auto Group. Ford Credit does not provide floor-plan financing to RAM, but Ford's suspension of floor-plan financing to the other six Reagor-Dykes dealerships had the ripple effect of prompting First Bank and FirstCapital to suspend their floor-plan financing of RAM.

4.      Consequently, since August 1, 2018, Reagor-Dykes Auto Group – one of the largest auto dealership operations in West Texas – has had no access to any floor-plan financing credit facilities, which are the life-blood of any auto dealership's ability to sell auto inventory. As a result, RAM and Reagor-Dykes Auto Group's capacity to sell auto inventory – and its concomitant capacity to generate profits — has ground to a virtual halt.

5.      In the related chapter 11 case, Mr. Dykes and Defendant Bart Reagor – the owners of Reagor-Dykes Auto Group – directed the Reagor-Dykes dealerships in their chapter 11 case to request that the Bankruptcy Court appoint BlackBriar Capital LLC of Dallas, Texas as the independent chief restructuring officer ("CRO"). The primary purpose of the CRO is to provide independent management of the Reagor-Dykes dealerships in chapter 11 and investigate the irregularities in the Reagor-Dykes Auto Group's financial data that prompted Ford Credit's suspension of financing. The Bankruptcy Court approved BlackBriar as the independent CRO on August 16, 2018.

6.      Over the past two months, the CRO has been focused on attempting to sell or recapitalize the Reagor-Dykes dealerships and RAM in order to generate funds necessary to pay the claims of creditors. Accordingly, the CRO's investigation of the irregularities in Reagor-

Dykes Auto Group's financial data has taken a back seat for the time being to that sale or recapitalization effort. However, preliminary investigatory results indicate that several financial institutions had knowledge of, and profited from, the banking practices of RAM and Reagor-Dykes Auto Group that are central to First Bank's First Amended Complaint.

## AFFIRMATIVE DEFENSES

7.      First Bank's actions breached agreements with RAM and Mr. Dykes that have been modified through the course of conduct between First Bank, RAM, and Mr. Dykes.

8.      First Bank's actions improperly impaired the value of the security for the claims upon which it seeks recovery from RAM and Mr. Dykes. As a result, RAM and Mr. Dykes are entitled to setoff the amount of any such impairment against any of First Bank's claims against them.

9.      First Bank engaged in a course of conduct with Defendant Shane Smith that damaged RAM's ability to pay its debt to First Bank, which damaged Mr. Dykes.

10.     First Bank has failed to mitigate the damages that it asserts against Mr. Dykes.

## RESERVATION OF RIGHT TO AMEND

11.     In just over two months, Reagor-Dykes Auto Group has gone from being one of the largest auto dealership businesses in West Texas to desperately attempting to preserve going concern value for its creditors. The events leading to this civil action, the related Ford Credit civil action, and the related chapter 11 case have occurred with dizzying speed. As a result, there simply has not been adequate time for RAM, Mr. Dykes and their respective counsel to fully evaluate reasonable questions regarding First Bank's actions relating to the facts alleged in the First Amended Complaint. Moreover, the CRO in the Reagor-Dykes dealerships chapter 11 case is currently in the process of arranging a sale or recaptialization of RAM and the Reagor-Dykes

dealerships, the proceeds of which may substantially reduce the amount of First Bank's claims in this civil action.

12.     In view of the foregoing, Mr. Dykes reserves the right to amend this answer with affirmative defenses (including those under FED R. CIV. P. 8(c)) and counterclaims that may arise from information discovered in connection with the Reagor-Dykes dealerships chapter 11 case and in the discovery phase of this civil action.

## JURY DEMAND

13.     Mr. Dykes demands a jury for the trial of this civil action.

## ANSWER

Subject to the foregoing affirmative defenses and reservation of his right to amend, Mr. Dykes responds to the First Amended Complaint by the following parallel-numbered paragraphs:

## I.
## NATURE OF THE ACTION

To the extent Mr. Dykes is implicated in the allegations contained in the unnumbered section of the First Amended Complaint, Mr. Dykes denies the allegations.

## II.
## PARTIES

1.     Admitted.

2.     Admitted.

3.     Admitted.

4.     Admitted.

5.     Admitted

6.      Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

7.      Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

8.      Admitted.

9.      Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

### III.
### JURISDICTION AND VENUE

10.      Admitted.

### IV.
### FACTUAL ALLEGATIONS

**A. THE RD-LEVELLAND AGREEMENTS.**

The Business Loan Agreement and Promissory Note

11.      Admitted.

12.      Admitted.

13.      Admitted.

14.      Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

The Commercial Security Agreement

15.      Admitted.

16.      Admitted.

17.      Admitted.

18.      Admitted.

19.      Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

20.      Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

21.      Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

22.      Admitted

Guaranties of RAM's Indebtednes.

23.      Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

24.      Admitted, except that Mr. Dykes has insufficient information to admit or deny if such agreement was modified through the course of conduct between the parties and, therefore, for purposes of pleading, denies the same.

25.      Admitted, except that Mr. Dykes has insufficient information to admit or deny if such agreement was modified through the course of conduct between the parties and, therefore, for purposes of pleading, denies the same.

26.      Admitted, except that Mr. Dykes has insufficient information to admit or deny if such agreement was modified through the course of conduct between the parties and, therefore, for purposes of pleading, denies the same.

## B.      **The RD-Imports Agreements**

The Business Loan Agreement and Promissory Note

27.      Admitted.

28.      Admitted.

29.     Admitted, except that Mr. Dykes has insufficient information to admit or deny if such agreement was modified through the course of conduct between the parties and, therefore, for purposes of pleading, denies the same.

30.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

<u>The Commercial Security Agreement</u>

31.     Admitted.

32.     Admitted.

33.     Admitted, except that Mr. Dykes has insufficient information to admit or deny if such security interest was modified through the course of conduct between the parties and, therefore, for purposes of pleading, denies the same.

34.     Admitted, except that Mr. Dykes has insufficient information to admit or deny if such events of default were modified through the course of conduct between the parties and, therefore, for purposes of pleading, denies the same.

35.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

36.     Admitted, except that Mr. Dykes has insufficient information to admit or deny if such agreement was modified through the course of conduct between the parties and, therefore, for purposes of pleading, denies the same.

37.     Admitted, except that Mr. Dykes has insufficient information to admit or deny if such reservation of rights and authorization were  modified through the course of conduct between the parties and, therefore, for purposes of pleading, denies the same.

38.     Admitted, except that Mr. Dykes has insufficient information to admit or deny if such agreement was modified through the course of conduct between the parties and, therefore, for purposes of pleading, denies the same.

Guaranties of RAM's Indebtedness

39.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

40.     Admitted, except that Mr. Dykes has insufficient information to admit or deny if such agreement was modified through the course of conduct between the parties and, therefore, for purposes of pleading, denies the same.

41.     Admitted, except that Mr. Dykes has insufficient information to admit or deny if such agreement was modified through the course of conduct between the parties and, therefore, for purposes of pleading, denies the same.

42.     Admitted, except that Mr. Dykes has insufficient information to admit or deny if such agreement was modified through the course of conduct between the parties and, therefore, for purposes of pleading, denies the same.

**C.     The Defaults**

43.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

44.     Admitted, except that Mr. Dykes has insufficient information to admit or deny the third and fourth sentences and, therefore, for purposes of pleading, denies the same.

45.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

46.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

47.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

48.     The first sentence is admitted as to RAM and Mr. Dykes. Mr. Dykes has insufficient information to admit or deny such allegation with regard to the other Defendants. Mr. Dykes has insufficient information to admit or deny the allegations in the second sentence and, therefore, for purposes of pleading, denies the same.

49.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

50.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

51.     Admitted, except Mr. Dykes has insufficient information to admit or deny the accuracy of the amounts that First Bank claims are owing on the promissory notes.

**D.      The RAM Check-Kiting Scheme and Resulting Overdrafts**

Rick Dykes: Insider, FirstCapital Board Member and Large Shareholder.

52.     Admitted.

53.     Admitted, except that Mr. Dykes has insufficient information to admit or deny Mr. Reagor's ownership interest in FirstCapital and, therefore, for purposes of pleading, denies the same.

54.     Admitted.

Check-Kiting

55.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

56.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

57.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

The RAM Check-Kiting Scheme against First Bank and Resulting Overdrafts

58.     Admitted.

59.     Admitted, except that Mr. Dykes has insufficient information to admit or deny if such agreement was modified through the course of conduct between the parties and, therefore, for purposes of pleading, denies the same.

60.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

61.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

62.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

63.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

First Capital and the Burgess Defendants Conspire with RAM to Pin the Damages on
First Bank

64.     Mr. Dykes denies the first sentence. Mr. Dykes has insufficient information to admit or deny the allegations contained in the remaining sentences and, therefore, for purposes of pleading, denies the same.

65.     Mr. Dykes denies the first sentence and admits the second sentence.

66.     Mr. Dykes admits that he met with Mr. Burgess at the direction of counsel for RAM to discuss and secure continued floor-plan financing for RAM. Mr. Dykes denies the remaining allegations.

67.     Admitted.

68.     Admitted, except that Mr. Dykes has insufficient information to admit or deny the allegation contained in the third sentence and, therefore, for purposes of pleading, denies the same.

69.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

First Capital and the Burgess Defendants Act on Inside Information

70.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

71.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

72.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

73.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

74.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

75.     Admitted.

76.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

77.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

78.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

79.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

80.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

First Capital is Damaged by More Than $1.5 Million

81.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

82.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

83.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

84.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

## V.
### CLAIMS FOR RELIEF

**A.     Count 1: Breach of the RD-Levelland Business Loan Agreement (against RAM)**

85.     No response required.

86.     Admitted.

87.     Admitted.

88.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

89.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

90.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

91.     Admitted, except that Mr. Dykes has insufficient information to admit or deny the accuracy of amount of payment demanded and, therefore, for purposes of pleading, denies the same.

**B.     Count 2: Breach of the RD-Levelland Promissory Note (against RAM)**

92.     No response required.

93.     Admitted.

94.     Admitted.

95.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

96.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

97.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

98.     Admitted.

**C.      Count 3: Breach of the RD-Levelland Security Agreement (against RAM)**

99.     No response required.

100.    Admitted.

101.    Admitted.

102.    Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

103.    Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

104.    Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

105.    Admitted, except that Mr. Dykes has insufficient information to admit or deny the accuracy of the amount of payment demanded and, therefore, for purposes of pleading, denies the same.

**D.      Count 4: Breach of RD-Levelland Reagor Commercial Guaranty (against Reagor)**

106.    No response required.

107.    Admitted.

108.    Admitted.

109.   Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

110.   Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

111.   Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

112.   Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

113.   Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

**E.**   **Count 5: Breach of RD-Levelland Dykes Commercial Guaranty (against Dykes)**

114.   No response required.

115.   Admitted, except that Mr. Dykes has insufficient information to admit or deny whether the guaranty remains a valid and enforceable contract and, therefore, for purposes of pleading, denies the same.

116.   Admitted.

117.   Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

118.   Mr. Dykes admits that First Bank has made demand for payment and that he has made no payment, but has insufficient information to admit or deny the accuracy of the amounts that First Bank claims are owing and, therefore, for purposes of pleading, denies the same.

119.   Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

120.    Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

121.    Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

**F.    Count 6: Breach of RD-Imports Business Loan Agreement (against RAM)**

122.    No response required.

123.    Admitted, except that Mr. Dykes has insufficient information to admit or deny whether the agreement remains a valid and enforceable contract and, therefore, for purposes of pleading, denies the same.

124.    Admitted.

125.    Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

126.    Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

127.    Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

128.    Admitted, except that Mr. Dykes has insufficient information to admit or deny the accuracy of the amount of payment demanded and, therefore, for purposes of pleading, denies the same.

**G.    Count 7: Breach of the RD-Imports Promissory Note (against RAM)**

129.    No response required.

130.    Admitted, except that Mr. Dykes has insufficient information to admit or deny whether the agreement remains a valid and enforceable contract and, therefore, for purposes of pleading, denies the same.

131.    Admitted.

132.    Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

133.    Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

134.    Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

135.    Admitted, except that Mr. Dykes has insufficient information to admit or deny the accuracy of the amount of payment demanded and, therefore, for purposes of pleading, denies the same.

**H.    Count 8: Breach of the RD-Imports Security Agreement (against RAM)**

136.    No response required.

137.    Admitted, except that Mr. Dykes has insufficient information to admit or deny whether the agreement remains a valid and enforceable contract and, therefore, for purposes of pleading, denies the same.

138.    Admitted.

139.    Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

140.    Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

141.    Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

142.    Admitted, except that Mr. Dykes has insufficient information to admit or deny the accuracy of the amount of payment demanded and, therefore, for purposes of pleading, denies the same.

## I.    Count 9: Breach of the RD-Imports Commerical Guaranty (against Reagor)

143.    No response required.

144.    Admitted, except that Mr. Dykes has insufficient information to admit or deny whether the guaranty remains a valid and enforceable contract and, therefore, for purposes of pleading, denies the same.

145.    Admitted.

146.    Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

147.    Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

148.    Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

149.    Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

150.    Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

## J.    Count 10: Breach of the RD-Imports Commerical Guaranty (against Dykes)

151.    No response required.

152.    Admitted, except that Mr. Dykes has insufficient information to admit or deny whether the guaranty remains a valid and enforceable contract and, therefore, for purposes of pleading, denies the same.

153.    Admitted.

154.    Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

155.    Mr. Dykes admits that First Bank has made demand for payment and that he has made no payment, but has insufficient information to admit or deny the accuracy of the amounts that First Bank claims are owing and, therefore, for purposes of pleading, denies the same.

156.    Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

157.    Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

158.    Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

**K.      Count 11: Application for Writ of Sequestration against RAM**

159.    No response required.

160.    Admitted.

161.    Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

162.    Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

163.     Mr. Dykes denies that a writ of sequestration is appropriate or that there is any immediate danger that RAM will remove collateral inventory from the county during the pendency of this civil action without the consent of First Capital.

164.     Admitted.

165.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

166.     Mr. Dykes denies the first three sentences. Mr. Dykes has insufficient information to admit or deny the remaining allegations and, therefore, for purposes of pleading, denies the same.

167.     Mr. Dykes denies that an ex parte hearing is appropriate.

168.     Mr. Dykes denies that issuance of a writ of sequestration is appropriate under the circumstances..

169.     Mr. Dykes denies that issuance of a writ of sequestration is appropriate under the circumstances, but does not oppose a deposit of cash in lieu of a bond if a writ is approved.

170.     Mr. Dykes denies that such amount is equal to the estimated value of the property to be sequestered and estimated costs of court.

171.     Mr. Dykes denies that issuance of a writ of sequestration is appropriate under the circumstances, but does not oppose that the writ be issued by the Court rather than the clerk if the Court deems otherwise.

172.     Mr. Dykes denies that issuance of a writ of sequestration is appropriate under the circumstances, but does not oppose the relief requested if the writ is approved.

173.     Mr. Dykes denies that issuance of a writ of sequestration is appropriate under the circumstances..

174.    No response required.

**K.    Count 12: Recovery of Overdraft/Refund under UCC § 4.214 (against RAM)**

175.    No response required.

176.    Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

177.    Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

178.    Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

**M.    Count 13: Fraud (against RAM and Smith)**

179.    No response required.

180.    Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

181.    Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

182.    Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

183.    Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

184.    Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

185.    Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

**N.**     <u>Count 14: Money Had and Received/UnjustEnrichment/Restutution (against RAM and FirstCpital)</u>

186.     No response required.

187.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

188.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

189.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

**O.**     <u>Count 15: Conversion (against RAM and FirstCapital)</u>

190.     No response required.

191.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

192.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

193.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

**P.**     <u>Count 16: Statutory Liability under the Expedited Funds Availability Act and Federal Reserve Regulation CC (against FirstCapital)</u>

194.     No response required.

195.     No response required.

196.     No response required.

197.     No response required.

**Q.**     **Count 17: Liability under Tex. Bus. & Com. Code ("UCC") (against FirstCapital)**

198.     No response required.

199.     No response required.

200.     No response required.

201.     No response required.

202.     No response required.

203.     No response required.

**R.**     **Count 18: Breach of Account Agreement (against Reagor, Dykes, Smith, and Miller)**

204.     No response required.

205.     Mr. Dykes admits that he signed the Account Agreement, but he has insufficient information to admit or deny the validity or enforceability of that agreement and, therefore, for purposes of pleading, denies the same.

206.     Admitted.

207.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

208.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

209.     Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

**S.**     **Count 19: Conspiracy to Commit Fraud (against First Capital and the Burgess Defendants).**

210.     No response required.

211.     No response required.

212.    No response required

213.    No response required.

214.    No response required.

**T.**    **Count 20: Aiding and Abetting Fraud (against First Capital and the Burgess Defendants).**

215.    No response required.

216.    No response required.

217.    No response required.

218.    No response required.

## VI.
### EXEMPLARY DAMAGES

219.    No response required.

## VII.
### ATTORNEYS' REES AND COSTS

220.    Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

## VI.
### CONDITIONS PRECEDENT

221.    Mr. Dykes has insufficient information to admit or deny the allegations and, therefore, for purposes of pleading, denies the same.

## VI.
### PRAYER FOR RELIEF

1-9.    These paragraphs are legal conclusions or requests for relief to which no response is required.

Accordingly, Mr. Dykes requests the relief requested by First Bank be denied, as well as such other and further relief as is just.

Respectfully submitted,

*/s/ Tom Kirkendall*
Tom Kirkendall
State Bar No. 11517300
**LAW OFFICE OF TOM KIRKENDALL**
2 Violetta Ct
The Woodlands, Texas 77381-4550
281.364.9946
888.582.0646 (fax)
bigtkirk@kir.com (email)

**ATTORNEY FOR RICK DYKES, DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument, was served on respective counsel for the other parties to this civil action via electronic transmission via the Court's ECF system on the 11th day of October, 2018.

*/s/ Tom Kirkendall*
Tom Kirkendall