**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | |
|---|---|
| **FIRST BANK & TRUST,** | § <br> § <br> § |
| **Plaintiff,** | § <br> § |
| vs. | §    Cause No.5:18-cv-00234-C <br> § |
| **REAGOR AUTO MALL, LTD. d/b/a REAGOR-DYKES OF LEVELLAND and d/b/a REAGOR-DYKES IMPORTS, FIRSTCAPITAL BANK OF TEXAS, N.A., BART REAGOR, RICK DYKES, SHANE SMITH, SHEILA MILLER, BRAD D. BURGESS, and KENNETH L. BURGESS,** | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § |
| **Defendant.** | § |

**PLAINTIFF'S ANSWER TO DEFENDANT**
**FIRSTCAPITAL BANK OF TEXAS, N.A.'S COUNTERCLAIM**

Plaintiff First Bank & Trust ("First Bank" or "Plaintiff") respectfully submits this Answer to Defendant FirstCapital Bank of Texas, N.A.'s ("FirstCapital") Counterclaim and states the following:

**ANSWER TO COUNTERCLAIMS**

1.   First Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 228.

2.   First Bank denies that FirstCapital's alleged security interest is superior to any security interest or right of possession that First Bank may have. First Bank admits it filed a UCC-1 financing statement against RAM covering inventory on November 8, 2017. First Bank also filed a UCC-1 financing statement against RAM covering inventory on September 14, 2012. First

Bank denies the last two sentences of paragraph 229 because the chronology of filing is irrelevant to the extent of the inventory of RAM subject to purchase money security interests granted by RAM to First Bank.  *See* TEX. BUS. & COM. CODE § 9.324(b).  First Bank lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 229.

3. First Bank denies the allegations contained in paragraph 230.  First Bank holds purchase money security interests with priority over the security interests asserted by FirstCapital.  Moreover, as a holder of a security interest in RAM's inventory, First Bank was entitled to take possession of such inventory or its proceeds.  *See e.g.,* TEX. BUS. & COM. CODE § 9.609.  In addition, First Bank denies that it directly received proceeds from disposition of inventory collateral of RAM.  Instead, RAM made payments by check to First Bank from RAM's accounts at FirstCapital which were received and applied by First Bank as a holder in due course of such checks to the debt owed by RAM to First Bank.  Regardless of priorities of security interests in RAM's inventory, First Bank received such checks free of any claim by FirstCapital.  *See* TEX. BUS. & COM. CODE § 3.306 & §§ 9.331(a) & 9.332(b).  However, even if First Bank had received proceeds directly from liquidation of RAM's inventory collateral, First Bank would not be liable therefor to FirstCapital.  *See* TEX. BUS. & COM. CODE §§ 9.315 & 9.607.

4. First Bank denies the allegations contained in paragraph 231.  Even if First Bank's security interests were subordinate in priority to First Capital's security interests in existing inventory, a subordinate lienholder is entitled to take possession from a debtor in default.  At most, the subordinate lienholder must yield possession to a senior lienholder upon demand for possession by such senior lienholder.  TEX. BUS. & COM. CODE § 9.609 com. 5.

3. First Bank denies that FirstCapital has superior interest and right to the RAM assets as against First Bank and denies that First Bank converted millions of dollars' worth of collateral proceeds to its own benefit and to the detriment of FirstCapital. First Bank lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 232.

4. First Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 233.

5. First Bank admits the allegations contained in paragraph 234.

6. First Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 235.

7. First Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 236.

8. First Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 237.

9. First Bank admits that it claims security interests in RAM assets. First Bank admits that its First Amended Complaint and Application for Writ of Sequestration ("Plaintiff's Complaint") does not contain an allegation that it has a perfected security interest in RAM assets it claims a lien on and that Plaintiff's Complaint does not identify any financing statements filed with the Texas Secretary of State. First Bank denies that this was an intentional oversight because perfection is irrelevant to the relief sought by First Bank – exercise of its right as a secured party to take possession from a debtor in default. The Uniform Commercial Code does not require perfection of a security interest for such relief. TEX. BUS. & COM. CODE § 9.609. Instead, First

Bank established the requisite debt in default which is secured by a security interest in the collateral for which it seeks possession.  Although irrelevant, First Bank admits that it filed financing statements on September 14, 2012 and November 8, 2017.  First Bank lacks knowledge or information sufficient to form a belief about the truth of the findings of some unidentified person's search of the Texas Secretary of state "records," or whether such financing statement referred in paragraph 238 is ineffective. Although irrelevant, First Bank denies that it negligently failed to practice proper banking procedures and properly renew the financing statement referred to in paragraph 238.  First Bank lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 238.

10.   First Bank denies that FirstCapital maintains the first filed priority financing statement against RAM ahead of all other creditors, including First Bank as more particularly set forth above.  With regard to the remaining allegations concerning the Uniform Commercial Code, the statute speaks for itself and FirstCapital's comments are legal conclusions for which no response is required.

11.   First Bank denies the allegations contained in paragraph 240 for the reasons more specifically set forth above.

12.   First Bank denies the allegations contained in paragraph 241 for the reasons more specifically set forth above.

13.   Paragraph 242 does not contain an allegation requiring admission or denial, but to the extent that it does contain allegations, First Bank denies the allegations contained in paragraph 242.

14. Paragraph 243 does not contain an allegation requiring admission or denial, but to the extent that it does contain allegations, First Bank denies the allegations contained in paragraph 243.

15. First Bank admits that it asserts a priority security interest in assets of RAM and to the extent thereof, denies the remaining allegations contained in paragraph 244.

16. Paragraph 245 does not contain an allegation requiring admission or denial, but to the extent that it does contain allegations, First Bank denies the allegations contained in paragraph 245.

17. Paragraph 246 does not contain an allegation requiring admission or denial, but to the extent that it does contain allegations, First Bank denies the allegations contained in paragraph 246.

18. First Bank denies the allegations contained in paragraph 247 for the reasons set forth above. *See e.g.,* TEX. BUS. & COM. CODE § 3.306 & §§ 9.324(b), 09.315, 9.331(a), 9.332(b), 9.607, & 9.609.

19. First Bank denies that FirstCapital is entitled to a judgment against First Bank for conversion of the millions of dollars in sales proceeds that FirstCapital alleges First Bank wrongfully converted to its own benefit and to the detriment of FirstCapital. The remainder of Paragraph 248 does not contain an allegation requiring admission or denial, but to the extent that it does contain allegations, First Bank denies the remaining allegations contained in paragraph 248.

20. Paragraph 249 does not contain an allegation requiring admission or denial, but to the extent that it does contain allegations, First Bank denies the allegations contained in paragraph 249.

21.     First Bank denies the allegations contained in paragraph 250 for the reasons more specifically set forth above.

22.     First Bank denies that FirstCapital is entitled to a complete accounting of all proceeds by Plaintiff relating to RAM vehicle sales. First Bank denies that it took any wrongful actions against the proceeds, denies that the proceeds rightfully belong to FirstCapital, and denies that immediate relief to FirstCapital is necessary. First Bank denies that FirstCapital is entitled to an immediate order directing Plaintiff to provide FirstCapital with a detailed accounting of all proceeds received from RAM vehicle sales. Finally, FirstCapital already has the information sought because all payments made to First Bank by RAM were made on RAM's deposit accounts at FirstCapital. The remainder of Paragraph 251 does not contain an allegation requiring admission or denial, but to the extent that it does contain allegations, First Bank denies the remaining allegations contained in paragraph 251.

23.     Paragraph 252 does not contain an allegation requiring admission or denial, but to the extent that it does contain allegations, First Bank denies the allegations contained in paragraph 252.

24.     First Bank denies the allegations contained in paragraph 253.

25.     Paragraph 254 does not contain an allegation requiring admission or denial, but to the extent that it does contain allegations, First Bank denies the allegations contained in paragraph 254.

26.     First Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 255.

**PLAINTIFF'S ANSWER TO DEFENDANT
FIRSTCAPITAL BANK OF TEXAS, N.A.'S COUNTERCLAIM - Page** 6

CORE/3507552.0006/147955469.2

27. First Bank denies that FirstCapital is entitled to attorneys' fees incurred through trial and any subsequent appeal. The remainder of Paragraph 256 does not contain an allegation requiring admission or denial, but to the extent that it does contain allegations, First Bank denies the remaining allegations contained in paragraph 256.

## **AFFIRMATIVE DEFENSES**

Without admitting the truth of the matter, First Bank asserts the following affirmative defenses:

28. Contributory negligence.

29. Failure to mitigate its damages, if any.

30. Estoppel, including by reason of FirstCapital's allowance of final payment of all checks to First Bank drawn by RAM on RAM's deposit accounts at FirstCapital and the long course of conduct and performance among those three parties.

31. Fraud.

32. Laches, including by reason of the long course of conduct and performance among First Bank, RAM and First Capital.

33. Waiver, including by reason of the long course of conduct and performance among First Bank, RAM and First Capital.

34. Superior right to funds, including the rights of First Bank as a holder in due course.

35. Superior right to possession, including as the holder of purchase money security interests and as against a debtor in default of debt and security agreements.

36. FirstCapital's claims do not support a claim for exemplary damages.

37. FirstCapital's claims do not support a claim for attorneys' fees.

## PRAYER

WHEREFORE, Plaintiff respectfully requests that FirstCapital take nothing by way of its Counterclaims and that First Bank recover its reasonable and necessary attorneys' fees, and such other and further relief to which it may be entitled.

Respectfully submitted,

**STINSON LEONARD STREET LLP**

By: */s/ Paul B. Lackey*
    Paul B. Lackey
    State Bar. No. 00791061
    paul.lackey@stinson.com
    Michael P. Aigen
    State Bar No. 24012196
    michael.aigen@stinson.com
    Katy L. Hart
    State Bar No. 24049983
    katy.hart@stinson.com

3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219-4259
Telephone: (214) 560-2201
Telecopier: (214) 560-2203

**ATTORNEYS FOR PLAINTIFF FIRST BANK & TRUST**

## CERTIFICATE OF SERVICE

I certify that on November 1, 2018, a true and correct copy of the foregoing document was served on all counsel of record via the Court's electronic filing system.

    */s/ Katy L. Hart*
    Katy L. Hart