**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION**

| | | |
|---|---|---|
| **FIRST BANK & TRUST,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CASE NO.5:18-CV-234-C** |
| | § | |
| **REAGOR AUTO MALL, LTD, d/b/a** | § | |
| **REAGOR-DYKES OF LEVELLAND and** | § | |
| **d/b/a REAGOR-DYKES IMPORTS,** | § | |
| **FIRSTCAPITAL BANK OF TEXAS, N.A.,** | § | |
| **BART REAGOR, RICK DYKES, SHANE** | § | |
| **SMITH, SHEILA MILLER, BRAD D.** | § | |
| **BURGESS, and KENNETH L. BURGESS,** | § | |
| | § | |
| *Defendants.* | § | |

---

**DEFENDANT SHANE SMITH'S ORIGINAL ANSWER TO
PLAINTIFF'S SECOND AMENDED COMPLAINT AND CROSS-CLAIM**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SHANE SMITH, a Defendant in the above styled and numbered cause, and files this Original Answer to Plaintiff's Second Amended Complaint [Doc. 56] and would respectfully show the Court as follows:

## I. ADMISSIONS & DENIALS

**Nature of the Action**

I.    Smith denies the allegations contained in Part I of Plaintiff's Second Amended Complaint "Nature of the Action."

---

**Parties**

1.      Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of Plaintiff's Second Amended Complaint.

2.      Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of Plaintiff's Second Amended Complaint.

3.      Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of Plaintiff's Second Amended Complaint.

4.      Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 of Plaintiff's Second Amended Complaint.

5.      Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 of Plaintiff's Second Amended Complaint.

6.      Smith admits the allegations in Paragraph 6 of Plaintiff's Second Amended Complaint.

7.       Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of Plaintiff's Second Amended Complaint.

8.      Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of Plaintiff's Second Amended Complaint.

9.      Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of Plaintiff's Second Amended Complaint.

**Jurisdiction and Venue**

10.      Smith admits jurisdiction for this case is proper in this district, but denies all other allegations in Paragraph 10 of Plaintiff's Second Amended Complaint.

## Factual Allegations

11.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of Plaintiff's Second Amended Complaint.

12.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of Plaintiff's Second Amended Complaint.

13.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of Plaintiff's Second Amended Complaint.

14.     Smith lacks knowledge or information sufficient to forma belief about the truth of the allegations contained in Paragraph 14 of Plaintiff's Second Amended Complaint.

15.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 15 of Plaintiff's Second Amended Complaint.

16.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 16 of Plaintiff's Second Amended Complaint.

17.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 17 of Plaintiff's Second Amended Complaint.

18.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 18 of Plaintiff's Second Amended Complaint.

19.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 19 of Plaintiff's Second Amended Complaint.

20.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 20 of Plaintiff's Second Amended Complaint.

21.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 21 of Plaintiff's Second Amended Complaint.

22.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 22 of Plaintiff's Second Amended Complaint.

23.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 23 of Plaintiff's Second Amended Complaint.

24.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 24 of Plaintiff's Second Amended Complaint.

25.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 25 of Plaintiff's Second Amended Complaint.

26.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 26 of Plaintiff's Second Amended Complaint.

27.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 27 of Plaintiff's Second Amended Complaint.

28.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 28 of Plaintiff's Second Amended Complaint.

29.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 29 of Plaintiff's Second Amended Complaint.

30.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 30 of Plaintiff's Second Amended Complaint

31.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 31 of Plaintiff's Second Amended Complaint.

32.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 32 of Plaintiff's Second Amended Complaint.

33.     Smith lacks knowledge or information sufficient to form a belief about the truth of

the allegations contained in Paragraph 33 of Plaintiff's Second Amended Complaint.

34.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 34 of Plaintiff's Second Amended Complaint.

35.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 35 of Plaintiff's Second Amended Complaint

36.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 36 of Plaintiff's Second Amended Complaint.

37.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 37 of Plaintiff's Second Amended Complaint.

38.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 38 of Plaintiff's Second Amended Complaint.

39.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 39 of Plaintiff's Second Amended Complaint.

40.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 40 of Plaintiff's Second Amended Complaint.

41.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 41 of Plaintiff's Second Amended Complaint.

42.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 42 of Plaintiff's Second Amended Complaint.

43.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 43 of Plaintiff's Second Amended Complaint.

44.     Paragraph 44 of Plaintiff's Second Amended Complaint does not contain an allegation requiring admission or denial, but to the extent that it does contain allegations Smith

denies the allegations contained in Paragraph 44 of Plaintiff's Second Amended Complaint.

45.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 45 of Plaintiff's Second Amended Complaint.

46.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 46 of Plaintiff's Second Amended Complaint.

47.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 47 of Plaintiff's Second Amended Complaint.

48.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 48 of Plaintiff's Second Amended Complaint.

49.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 49 of Plaintiff's Second Amended Complaint.

50.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 50 of Plaintiff's Second Amended Complaint.

51.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 51 of Plaintiff's Second Amended Complaint.

52.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations of ownership contained in Paragraph 52 of Plaintiff's Second Amended Complaint. However, Smith admits that Reagor-Dykes is a well-known regional auto dealership.

53.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 53 of Plaintiff's Second Amended Complaint.

54.     Due to the timing and lack of information contained in Paragraph 54 of Plaintiff's Second Amended Complaint, Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 54 of Plaintiff's Second Amended

Complaint.

55.     Paragraph 55 does not contain an allegation requiring admission or denial, but to the extent that it does contain allegations, Smith denies the allegations contained in Paragraph 55 of Plaintiff's Second Amended Complaint.

56.     Paragraph 56 does not contain an allegation requiring admission or denial, but to the extent that it does contain allegations, Smith denies the allegations contained in Paragraph 56 of Plaintiff's Second Amended Complaint.

57.     Smith denies the allegations contained in Paragraph 57 of Plaintiff's Second Amended Complaint.

58.     Smith admits that FirstCapital re-financed an existing home mortgage loan with Smith, but denies the remaining allegations contained in Paragraph 58.

59.     Due to the timing and lack of information contained in Paragraph 58 of Plaintiff's Second Amended Complaint, Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 59 of Plaintiff's Second Amended Complaint.

60.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 60 of Plaintiff's Second Amended Complaint.

61.     Smith denies the allegations in Paragraph 61 of Plaintiff's Second Amended Complaint.

62.     Smith denies the allegations in Paragraph 62 of Plaintiff's Second Amended Complaint.

63.     Smith denies the allegations in Paragraph 63 of Plaintiff's Second Amended Complaint.

64.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 64 of Plaintiff's Second Amended Complaint.

65.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 65 of Plaintiff's Second Amended Complaint.

66.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 66 of Plaintiff's Second Amended Complaint.

67.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 67 of Plaintiff's Second Amended Complaint.

68.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 68 of Plaintiff's Second Amended Complaint.

69.     Smith admits that Wednesday, August 1st, six Reagor-Dykes entities field for bankruptcy, and that RAM was not one of the Reagor-Dykes entities that filed for bankruptcy. Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in remainder of Paragraph 69 of Plaintiff's Second Amended Complaint.

70.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 70 of Plaintiff's Second Amended Complaint.

71.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 71 of Plaintiff's Second Amended Complaint.

72.     Defendant denies the allegations contained in Paragraph 72 of Plaintiff's Second Amended Complaint.

73.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 73 of Plaintiff's Second Amended Complaint.

74.     Smith lacks knowledge or information sufficient to form a belief about the truth of

the allegations contained in Paragraph 74 of Plaintiff's Second Amended Complaint.

75.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 75 of Plaintiff's Second Amended Complaint.

76.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 76 of Plaintiff's Second Amended Complaint regarding the approximate time of filing. Smith admits that six Reagor-Dykes entities filed bankruptcy on August 1, 2018.

77.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 77 of Plaintiff's Second Amended Complaint.

78.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 78 of Plaintiff's Second Amended Complaint.

79.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 79 of Plaintiff's Second Amended Complaint.

80.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 80 of Plaintiff's Second Amended Complaint.

81.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 81 of Plaintiff's Second Amended Complaint.

82.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 82 of Plaintiff's Second Amended Complaint.

83.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 83 of Plaintiff's Second Amended Complaint.

84.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 84 of Plaintiff's Second Amended Complaint.

85.     Smith denies that he conspired with FirstCapital and/or the Burgess Defendants, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 85 of Plaintiff's Second Amended Complaint.

86.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 86 of Plaintiff's Second Amended Complaint.

87.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 87 of Plaintiff's Second Amended Complaint.

88.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 88 of Plaintiff's Second Amended Complaint.

## Claims for Relief

### *Count 1*

89.     Paragraph 89 of Plaintiff's Second Amended Complaint does not contain an allegation requiring admission or denial, but to the extent that it does contain allegations, Smith incorporates his responses to the preceding paragraphs as if fully set forth herein, and alternatively denies the allegations.

90.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 90 of Plaintiff's Second Amended Complaint.

91.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 91 of Plaintiff's Second Amended Complaint.

92.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 92 of Plaintiff's Second Amended Complaint.

93.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 93 of Plaintiff's Second Amended Complaint.

94.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 94 of Plaintiff's Second Amended Complaint.

95.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 95 of Plaintiff's Second Amended Complaint.

*Count 2*

96.     Paragraph 96 of Plaintiff's Second Amended Complaint does not contain an allegation requiring admission or denial, but to the extent that it does contain allegations, Smith incorporates his responses to the preceding paragraphs as if fully set forth herein, and alternatively denies the allegations.

97.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 97 of Plaintiff's Second Amended Complaint.

98.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 98 of Plaintiff's Second Amended Complaint.

99.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 99 of Plaintiff's Second Amended Complaint.

100.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 100 of Plaintiff's Second Amended Complaint.

101.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 101 of Plaintiff's Second Amended Complaint.

102.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 102of Plaintiff's Second Amended Complaint.

*Count 3*

103.    Paragraph 103 of Plaintiff's Second Amended Complaint does not contain an

allegation requiring admission or denial, but to the extent that it does contain allegations, Smith incorporates his responses to the preceding paragraphs as if fully set forth herein, and alternatively denies the allegations.

104.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 104 of Plaintiff's Second Amended Complaint.

105.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 105 of Plaintiff's Second Amended Complaint.

106.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 106 of Plaintiff's Second Amended Complaint.

107.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 107 of Plaintiff's Second Amended Complaint.

108.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 108 of Plaintiff's Second Amended Complaint.

109.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 109 of Plaintiff's Second Amended Complaint.

*Count 4*

110.    Paragraph 110 of Plaintiff's Second Amended Complaint does not contain an allegation requiring admission or denial, but to the extent that it does contain allegations, Smith incorporates his responses to the preceding paragraphs as if fully set forth herein, and alternatively denies the allegations.

111.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 111 of Plaintiff's Second Amended Complaint.

112.    Smith lacks knowledge or information sufficient to form a belief about the truth of

the allegations contained in Paragraph 112 of Plaintiff's Second Amended Complaint.

113.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 113 of Plaintiff's Second Amended Complaint.

114.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 114 of Plaintiff's Second Amended Complaint.

115.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 115 of Plaintiff's Second Amended Complaint.

116.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 116 of Plaintiff's Second Amended Complaint.

117.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 117 of Plaintiff's Second Amended Complaint.

*Count 5*

118.    Paragraph 118 of Plaintiff's Second Amended Complaint does not contain an allegation requiring admission or denial, but to the extent that it does contain allegations, Smith incorporates his responses to the preceding paragraphs as if fully set forth herein, and alternatively denies the allegations.

119.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 119 of Plaintiff's Second Amended Complaint.

120.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 120 of Plaintiff's Second Amended Complaint.

121.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 121 of Plaintiff's Second Amended Complaint.

122.    Smith lacks knowledge or information sufficient to form a belief about the truth of

the allegations contained in Paragraph 122 of Plaintiff's Second Amended Complaint.

123.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 123 of Plaintiff's Second Amended Complaint.

124.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 124 of Plaintiff's Second Amended Complaint.

125.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 125 of Plaintiff's Second Amended Complaint.

*Count 6*

126.     Paragraph 126 of Plaintiff's Second Amended Complaint does not contain an allegation requiring admission or denial, but to the extent that it does contain allegations, Smith incorporates his responses to the preceding paragraphs as if fully set forth herein, and alternatively denies the allegations.

127.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 127 of Plaintiff's Second Amended Complaint.

128.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 128 of Plaintiff's Second Amended Complaint.

129.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 129 of Plaintiff's Second Amended Complaint.

130.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 130 of Plaintiff's Second Amended Complaint.

131.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 131 of Plaintiff's Second Amended Complaint.

132.     Smith lacks knowledge or information sufficient to form a belief about the truth of

the allegations contained in Paragraph 132 of Plaintiff's Second Amended Complaint.

*Count 7*

133.     Paragraph 133 of Plaintiff's Second Amended Complaint does not contain an allegation requiring admission or denial, but to the extent that it does contain allegations, Smith incorporates his responses to the preceding paragraphs as if fully set forth herein, and alternatively denies the allegations.

134.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 134 of Plaintiff's Second Amended Complaint.

135.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 135 of Plaintiff's Second Amended Complaint.

136.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 136 of Plaintiff's Second Amended Complaint.

137.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 137 of Plaintiff's Second Amended Complaint.

138.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 138 of Plaintiff's Second Amended Complaint.

139.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 139 of Plaintiff's Second Amended Complaint.

*Count 8*

140.     Paragraph 140 of Plaintiff's Second Amended Complaint does not contain an allegation requiring admission or denial, but to the extent that it does contain allegations, Smith incorporates his responses to the preceding paragraphs as if fully set forth herein, and alternatively denies the allegations.

141.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 141 of Plaintiff's Second Amended Complaint.

142.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 142 of Plaintiff's Second Amended Complaint.

143.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 143 of Plaintiff's Second Amended Complaint.

144.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 144 of Plaintiff's Second Amended Complaint.

145.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 145 of Plaintiff's Second Amended Complaint.

146.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 146 of Plaintiff's Second Amended Complaint.

***Count 9***

147.    Paragraph 147 of Plaintiff's Second Amended Complaint does not contain an allegation requiring admission or denial, but to the extent that it does contain allegations, Smith incorporates his responses to the preceding paragraphs as if fully set forth herein, and alternatively denies the allegations.

148.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 148 of Plaintiff's Second Amended Complaint.

149.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 149 of Plaintiff's Second Amended Complaint.

150.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 150 of Plaintiff's Second Amended Complaint.

151.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 151 of Plaintiff's Second Amended Complaint.

152.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 152 of Plaintiff's Second Amended Complaint.

153.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 153 of Plaintiff's Second Amended Complaint.

154.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 154 of Plaintiff's Second Amended Complaint.

***Count 10***

155.    Paragraph 155 of Plaintiff's Second Amended Complaint does not contain an allegation requiring admission or denial, but to the extent that it does contain allegations, Smith incorporates his responses to the preceding paragraphs as if fully set forth herein, and alternatively denies the allegations.

156.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 156 of Plaintiff's Second Amended Complaint.

157.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 157 of Plaintiff's Second Amended Complaint.

158.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 158 of Plaintiff's Second Amended Complaint.

159.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 159 of Plaintiff's Second Amended Complaint.

160.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 160 of Plaintiff's Second Amended Complaint.

161.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 161 of Plaintiff's Second Amended Complaint.

162.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 162 of Plaintiff's Second Amended Complaint.

*Count 11*

163.     Paragraph 163 of Plaintiff's Second Amended Complaint does not contain an allegation requiring admission or denial, but to the extent that it does contain allegations, Smith incorporates his responses to the preceding paragraphs as if fully set forth herein, and alternatively denies the allegations.

164.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 164 of Plaintiff's Second Amended Complaint.

165.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 165 of Plaintiff's Second Amended Complaint.

166.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 166 of Plaintiff's Second Amended Complaint.

167.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 167 of Plaintiff's Second Amended Complaint.

168.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 168 of Plaintiff's Second Amended Complaint.

169.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 169 of Plaintiff's Second Amended Complaint.

170.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 170 of Plaintiff's Second Amended Complaint.

171.    Paragraph 171 of Plaintiff's Second Amended Complaint does not contain an allegation requiring admission or denial, but to the extent that it does contain allegations Smith denies the allegations contained in Paragraph 171 of Plaintiff's Second Amended Complaint.

172.    Paragraph 172 of Plaintiff's Second Amended Complaint does not contain an allegation requiring admission or denial, but to the extent that it does contain allegations Smith denies the allegations contained in Paragraph 172 of Plaintiff's Second Amended Complaint.

173.    Paragraph 173 of Plaintiff's Second Amended Complaint does not contain an allegation requiring admission or denial, but to the extent that it does contain allegations Smith denies the allegations contained in Paragraph 173 of Plaintiff's Second Amended Complaint.

174.    Paragraph 174 of Plaintiff's Second Amended Complaint does not contain an allegation requiring admission or denial, but to the extent that it does contain allegations Smith denies the allegations contained in Paragraph 174 of Plaintiff's Second Amended Complaint.

175.    Paragraph 175 of Plaintiff's Second Amended Complaint does not contain an allegation requiring admission or denial, but to the extent that it does contain allegations Smith denies the allegations contained in Paragraph 175 of Plaintiff's Second Amended Complaint.

176.    Paragraph 176 of Plaintiff's Second Amended Complaint does not contain an allegation requiring admission or denial, but to the extent that it does contain allegations Smith denies the allegations contained in Paragraph 176 of Plaintiff's Second Amended Complaint.

177.    Paragraph 177 of Plaintiff's Second Amended Complaint does not contain an allegation requiring admission or denial, but to the extent that it does contain allegations Smith denies the allegations contained in Paragraph 177 of Plaintiff's Second Amended Complaint.

178.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 178 of Plaintiff's Second Amended Complaint.

*Count 12*

179.     Paragraph 179 of Plaintiff's Second Amended Complaint does not contain an allegation requiring admission or denial, but to the extent that it does contain allegations, Smith incorporates his responses to the preceding paragraphs as if fully set forth herein, and alternatively denies the allegations.

180.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 180 of Plaintiff's Second Amended Complaint.

181.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 181 of Plaintiff's Second Amended Complaint.

182.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 182 of Plaintiff's Second Amended Complaint.

*Count 13*

183.     Paragraph 183 of Plaintiff's Second Amended Complaint does not contain an allegation requiring admission or denial, but to the extent that it does contain allegations, Smith incorporates his responses to the preceding paragraphs as if fully set forth herein, and alternatively denies the allegations.

184.     Smith denies the allegations contained in Paragraph 184 of Plaintiff's Second Amended Complaint.

185.     Smith denies the allegations contained in Paragraph 185 of Plaintiff's Second Amended Complaint.

186.     Smith denies the allegations contained in Paragraph 186 of Plaintiff's Second Amended Complaint.

187.     Smith denies the allegations contained in Paragraph 187 of Plaintiff's Second

Amended Complaint.

188.    Smith denies the allegations contained in Paragraph 188 of Plaintiff's Second Amended Complaint.

189.    Smith denies the allegations contained in Paragraph 189 of Plaintiff's Second Amended Complaint.

*Count 14*

190.    Paragraph 190 of Plaintiff's Second Amended Complaint does not contain an allegation requiring admission or denial, but to the extent that it does contain allegations, Smith incorporates his responses to the preceding paragraphs as if fully set forth herein, and alternatively denies the allegations.

191.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 191 of Plaintiff's Second Amended Complaint.

192.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 192 of Plaintiff's Second Amended Complaint.

193.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 193 of Plaintiff's Second Amended Complaint.

*Count 15*

194.    Paragraph 194 of Plaintiff's Second Amended Complaint does not contain an allegation requiring admission or denial, but to the extent that it does contain allegations, Smith incorporates his responses to the preceding paragraphs as if fully set forth herein, and alternatively denies the allegations.

195.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 195 of Plaintiff's Second Amended Complaint.

196.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 196 of Plaintiff's Second Amended Complaint.

197.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 197 of Plaintiff's Second Amended Complaint.

**Count 16**

198.     Paragraph 198 of Plaintiff's Second Amended Complaint does not contain an allegation requiring admission or denial, but to the extent that it does contain allegations, Smith incorporates his responses to the preceding paragraphs as if fully set forth herein, and alternatively denies the allegations.

199.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 199 of Plaintiff's Second Amended Complaint.

200.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 200 of Plaintiff's Second Amended Complaint.

201.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 201 of Plaintiff's Second Amended Complaint.

202.     Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 202 of Plaintiff's Second Amended Complaint.

**Count 17**

203.     Paragraph 203 of Plaintiff's Second Amended Complaint does not contain an allegation requiring admission or denial, but to the extent that it does contain allegations, Smith incorporates his responses to the preceding paragraphs as if fully set forth herein, and alternatively denies the allegations.

204.     Smith admits that he signed an Account Agreement, but denies the remaining

allegations contained in Paragraph 204 of Plaintiff's Second Amended Complaint.

205.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 205 of Plaintiff's Second Amended Complaint.

206.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 206 of Plaintiff's Second Amended Complaint.

207.    Smith denies the allegations contained in Paragraph 207 of Plaintiff's Second Amended Complaint.

208.    Smith denies the allegations contained in Paragraph 208 of Plaintiff's Second Amended Complaint.

**Count 18**

209.    Paragraph 209 of Plaintiff's Second Amended Complaint does not contain an allegation requiring admission or denial, but to the extent that it does contain allegations, Smith incorporates his responses to the preceding paragraphs as if fully set forth herein, and alternatively denies the allegations.

210.    Smith denies entering into an agreement or that he had a meeting of the minds, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 210 of Plaintiff's Second Amended Complaint.

211.    Smith denies the allegations contained in Paragraph 211 of Plaintiff's Second Amended Complaint.

212.    Smith denies the allegations contained in Paragraph 212 of Plaintiff's Second Amended Complaint.

213.    Smith denies any misrepresentations and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 213 of

Plaintiff's Second Amended Complaint.

214.    Smith denies entering into an agreement or that he had a meeting of the minds, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 210 of Plaintiff's Second Amended Complaint.

215.    Smith denies the allegations contained in Paragraph 212 of Plaintiff's Second Amended Complaint.

216.    Smith denies the allegations contained in Paragraph 212 of Plaintiff's Second Amended Complaint.

**Count 19**

217.    Paragraph 217 of Plaintiff's Second Amended Complaint does not contain an allegation requiring admission or denial, but to the extent that it does contain allegations, Smith incorporates his responses to the preceding paragraphs as if fully set forth herein, and alternatively denies the allegations.

218.    Smith denies the allegations contained in Paragraph 218 of Plaintiff's Second Amended Complaint.

219.    Smith denies the allegations contained in Paragraph 219 of Plaintiff's Second Amended Complaint.

220.    Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 220 of Plaintiff's Second Amended Complaint.

221.    Smith denies the allegations contained in Paragraph 221 of Plaintiff's Second Amended Complaint.

222.    Smith denies the allegations contained in Paragraph 222 of Plaintiff's Second Amended Complaint.

223.    Smith denies the allegations contained in Paragraph 223 of Plaintiff's Second Amended Complaint. Specifically, Smith denies that Plaintiff performed all conditions precedent necessary to entitle it to attorney's fees under Section 38 of the Texas Civil Practice & Remedies Code.  In addition, Smith denies that Plaintiff performed all conditions precedent necessary to pursue a breach of contract claim under the terms of the alleged Account Agreement.

224.    Smith denies the allegations contained in the Prayer for Relief contained in Plaintiff's Second Amended Complaint.

## II.  AFFIRMATIVE DEFENSES

225.    Without admitting the truth of the matter, Smith asserts as an affirmative defense that Plaintiff's own acts or omissions caused or contributed to Plaintiff's injury, if any.

226.    In the alternative, and without admitting the truth of the matter, Smith asserts as an affirmative defense that Plaintiff's claims against Smith are barred, in whole or in part, because Plaintiff ratified the actions of Smith.

227.    In the alternative, and without admitting the truth of the matter, Smith asserts as an affirmative defense that Plaintiff's claims against Smith are barred, in whole or in part, because Plaintiff lacks capacity.

228.    In the alternative, and without admitting the truth of the matter, Smith asserts as an affirmative defense that Plaintiff's claims against Smith are barred, in whole or in part, because Plaintiff's alleged contract is void as against public policy.

229.    In the alternative, and without admitting the truth of the matter, Smith asserts as an affirmative defense that Plaintiff's claims against Smith are barred, in whole or in part, because of lack of consideration.

230.    In the alternative, and without admitting the truth of the matter, Smith asserts as an

affirmative defense that Plaintiff's claims against Smith are barred, in whole or in part, because of a mutual and/or unilateral mistake.

231.     In the alternative, and without admitting the truth of the matter, Smith asserts as an affirmative defense that Plaintiff's claims against Smith are barred, in whole or in part, because of novation.

232.     In the alternative, and without admitting the truth of the matter, Smith asserts as an affirmative defense that Plaintiff's claims against Smith are barred, in whole or in part, because of substantive unconscionability.

233.     In the alternative, and without admitting the truth of the matter, Smith asserts as an affirmative defense that Plaintiff's claims against Smith are barred, in whole or in part, because of waiver or estoppel.

234.     In the alternative, and without admitting the truth of the matter, Smith asserts as an affirmative defense that Plaintiff's claims against Smith are barred, in whole or in part, because Plaintiff failed to mitigate its alleged damages.

235.     In the alternative, and without admitting the truth of the matter, Smith asserts as an affirmative defense that to the extent any representations were false, Plaintiff knew of the falsity of the representation.

236.     In the alternative, and without admitting the truth of the matter, Smith asserts as an affirmative defense that Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine.

237.     In the alternative, and without admitting the truth of the matter, Smith asserts as an affirmative defense that Plaintiff's claims are barred, in whole or in part, by the Statute of Frauds.

238.     In the alternative, and without admitting the truth of the matter, Smith asserts as an

affirmative defense that Plaintiff's claims for breach of contract and/or constructive fraud, if any, will not support a claim for exemplary damages.

239.    In the alternative, and without admitting the truth of the matter, Smith asserts that the statutory cap in the Damages Act limits Plaintiff's claims for exemplary damages.

240.    In the alternative, and without admitting the truth of the matter, Smith asserts that an exemplary damages award is grossly excessive and does not comply with due process under the U.S. or Texas Constitution.  This Defendant would further show that in the event one or more parties or potential parties have or do settle with Plaintiff prior to judgment, and thereby become "settling persons" as that term is defined in Texas Civil Practice& Remedies Code 33.001 or et seq., this Defendant would be entitled to a credit for the amount paid by such settling persons, either dollar for dollar, percentage reduction, or statutory formula or set off in the form of a percentage or pro rata reduction of its liability to the Plaintiff in the unlikely event this Defendant is found to have some liability to Plaintiff.  This Defendant reserves its right to make an election as to which of the credits it shall take.  Such election shall be made by this Defendant prior to the submission of its case to the jury.

241.    This Defendant has previously denied any and all liability on its part to the Plaintiff; however, in the highly unlikely event that the Court or jury should find that this Defendant, along with any other party, any other settling person, or any other responsible third-party, is liable, this Defendant invokes the doctrines of comparative responsibility and contribution as contained in Tex. Civ. Prac. & Rem. Code §§ 32.01 et seq. and 33.01, et seq., and requests the Court to enter judgment for contribution among any such Defendants and responsible third-parties, as provided for in Tex. Civ. Prac. & Rem. Code.

### III. CROSS CLAIMS

Defendant, Shane Smith, files this, his Cross-Claim for Contribution and Indemnity against Co-Defendants Bart Reagor and Rick Dykes (hereinafter, collectively, "Co-Defendants"), and states as follows:

242.    On October 29, 2018, Plaintiff First Bank & Trust filed its Second Amended Complaint against Defendant Smith and Co-Defendants seeking alleged damages stemming from an alleged breach of contract, alleged fraud, alleged conspiracy to commit fraud, alleged aiding and abetting fraud, among other things. [Doc. 56].

243.    Smith denies that he is liable to Plaintiff. However, in the highly unlikely event that Smith and any other party, is found liable to Plaintiff for breach of contract as set forth in Plaintiff's Second Amended Complaint, Defendant Smith is entitled to contribution and/or indemnity from Co-Defendants pursuant to the Account Agreement. Further, in the highly unlikely event that Smith is found liable to Plaintiff for fraud, conspiracy to commit fraud, and/or aiding and abetting fraud, Defendant Smith is entitled to contribution and/or indemnity from Co-Defendants pursuant to common law and/or the Texas Civil Practice and Remedies Code. As such, Defendant Smith seeks judgment for contribution and indemnity as provided by law against Co-Defendants along with pre-judgment interest, attorneys' fees, post-judgment interest as provided by law, and costs of suit.

WHEREFORE, Cross-Plaintiff, Shane Smith, requests that upon final trial of this cause, he have and recover from Cross-Defendants Bart Reagor and Rick Dykes contribution as to any damages awarded to Plaintiff First Bank & Trust in connection with its claims for breach of contract, fraud and/or conspiracy to commit fraud, along with attorneys' fees, prejudgment interest and post-judgment interest as allowed by law, costs of court, and for such other and further relief

at law or in equity to which he may be justly entitled.

Respectfully submitted,

FIELD, MANNING, STONE,
   HAWTHORNE & AYCOCK, P.C.
A Professional Corporation
2112 Indiana Avenue
Lubbock, Texas, 79410-1499
806/792-0810 (Telephone)
806/792-9148 (Facsimile)
Email: aaycock@lubbocklawfirm.com
Email: jfrost@lubbocklawfirm.com

By:/s/ Robert A. (Andy) Aycock
     Robert A. (Andy) Aycock
     State Bar No. 00789782
     Joshua D. Frost
     State Bar No. 24097711

ATTORNEYS FOR DEFENDANT and CROSS-
PLAINTIFF, SHANE SMITH

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing instrument has been served on the following listed parties of record on this 13th day of November, 2018.

**By ECF:**

Paul B. Lackey
Paul.lackey@stinson.com
Michael P. Aigen
Michael.aigen@stinson.com
Katy L. Hart
Katy.hart@stinson.com
Stinson Leonard Street LLP
3102 Oak Lawn Ave., Ste. 777
Dallas, Texas 75219
*Attorneys for Plaintiff*

Joel R. Hogue
Joel.hogue@sprouselaw.com
John F. Massouh
John.massouh@sprouselaw.com
Sprouse Shrader Smith P.L.L.C.
701 S. Taylor, Suite 500
Amarillo, Texas 79101
P.O. Box 15008
Amarillo, Texas 79105
*Attorneys for Defendant FirstCapital Bank of Texas, N.A.*

Robert N. Nebb
rnebb@carperlaw.com
Law Office of Michael H. Carper, PC
1102 Main Street
Lubbock, Texas 79401
*Attorneys for Defendant Sheila Miller*

*Marshall M. Searcy, Jr.*
*Marshall.searcy@kellyhart.com*
*Scott R. Wiehle*
*Scott.wiehle@kellyhart.com*
Kelly Hart & Hallman, LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
and
*John C. Sims*
*Johnsimslaw@yahoo.com*
*Attorney at Law*
*P.O. Box 10236*
Lubbock, Texas 79408
*Attorneys for Defendants Reagor-Dykes II, L.L.C., Reagor-Dyke Auto Mall I, L.L.C.,*
*Reagor-Dykes III, L.L.C., and Bart Reagor*

Jared M. Slade
Jared.slade@alston.com
Heather C. Barger
Heather.barger@alston.com
Alston & Bird LLP
2828 North Harwood Street, Suite 1800
Dallas, Texas 75201
*Attorneys for Defendants Brad Burgess & Kenneth Burgess*

Tom Kirkendall
*bigtkirk@kir.com*
Law Office of Tom Kirkendall
2 Violetta Court
The Woodlands, Texas 77381-4550
*Attorney for Defendant, Rick Dykes*

*/s/ Robert A. (Andy) Aycock*
Robert A. (Andy) Aycock
